UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT STAFFORD,

    Plaintiff,

v.

CAUSE NO. 3:19-CV-78 DRL-MGG

CHAPLAIN CONKLIN, et al.,

    Defendants.

OPINION AND ORDER

Mr. Robert Stafford, a prisoner without a lawyer, filed a complaint against Sharon Hawk, Lieutenant Bockover, and Chaplain Conklin after a feather and medicine bags were confiscated from him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In late 2017, Mr. Stafford asked Chaplin Conklin whether his friend could send him a feather. Chaplain Conklin told Mr. Stafford that he could not have an eagle or hawk feather without a federal permit, but that he could have any other feather. His friend then sent him a feather. It is unclear what type of feather it was, but Mr. Stafford asserts that it was not an eagle or hawk feather. Nonetheless, the feather was confiscated by Chaplain Conklin because Mr. Stafford did not have a permit.[1] Mr.

---

[1] In documentation submitted with the complaint, David Liebel, the director of religious services, identifies the feather as coming from a killdeer bird – reported as a protected species that also requires a valid permit for possession. (ECF 1-1 at 13.)

Stafford alleges that Chaplin Conklin violated the IDOC's policies and procedures by not letting him possess the feather; but a violation of IDOC's policies does not state a claim. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices").

Mr. Stafford also alleges that confiscation of the feather violated his constitutional rights to exercise his religion. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). In determining whether an asserted justification is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate; the impact an accommodation of the asserted right would have on guards and other inmates; and whether there are "obvious alternatives" to the restriction, thus demonstrating that the restriction is an exaggerated response to penological concerns. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

Inmates are entitled to broader religious protection under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "RLUIPA's substantial burden inquiry robustly supports inmate religious practice[.]" *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). While RLUIPA's protections are broad, it does not authorize an award of money damages. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

2

At this stage of the case, the court must construe all reasonable inferences in Mr. Stafford's favor, and it can be reasonably inferred from Mr. Stafford's allegations that the feather is integral to his religious practice and that prison officials did not have an adequate justification for denying him the feather. Although further factual development may show that the prison had valid reasons for confiscating Mr. Stafford's feather, accepting his allegations as true, he has alleged a plausible First Amendment claim against Chaplin Conklin in his individual capacity for monetary damages.

Mr. Stafford also seeks injunctive relief. While Mr. Stafford has not named Warden William Hyatte as a defendant in this action, Warden Hyatte is the proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Mr. Stafford's religious practice is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989). The clerk will be directed to add Warden William Hyatte as a defendant, and Mr. Stafford will be permitted to proceed against Warden Hyatte in his official capacity for injunctive relief to possess the feather sent to him by a friend, unless the prohibition is justified, in accordance with the First Amendment and RLUIPA.

After the feather was confiscated, Mr. Stafford asked Sharon Hawk if he could send the feather home. She said yes. While Mr. Stafford has sued Sharon Hawk, it is unclear from the complaint why he believes she is liable to him, as the only allegation is that she said he could send the feather home, as he requested.[2] Mr. Stafford has not alleged facts suggesting that Sharon Hawk violated his constitutional rights, and she will consequently be dismissed.

In May 2018, Mr. Stafford was placed on suicide watch for seven days. When the suicide watch began, Mr. Stafford had four medicine bags around his neck. Lieutenant Bockover asked Mr. Stafford to remove his clothes and the medicine bags. Mr. Stafford asked if he could place the medicine bags in his box so that he could have them when he was off suicide watch. Lieutenant Bockover said yes.

---

[2] It is unclear if the feather was sent home. The documentation submitted with the complaint suggests that Mr. Stafford was given only two options: he could have the IDOC destroy the feather, or he could donate it for use in a DNR Education Center. (ECF 1-1 at 13.)

3

But, when Mr. Stafford was released from suicide watch, the medicine bags were gone. Lieutenant Bockover indicated to Mr. Stafford that a correctional officer opened the box and took them. It is unclear who took the medicine bags, but Mr. Stafford does not allege that Lieutenant Bockover took them. Under 42 U.S.C. § 1983, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, he has not stated a claim against Lieutenant Bockover.

To the extent that Mr. Stafford alleges that his medicine bags were seized without a valid justification for refusing his possession of them, he may proceed against Warden Hyatte in his official capacity for the return of his medicine bags because it is Warden Hyatte that has the power to ensure that an order pertaining to the religious rights of Mr. Stafford is carried out. But, to the extent that Mr. Stafford is seeking compensation for destroyed property, he cannot proceed because state remedies are available to him to redress the destruction of property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

For these reasons, the court:

(1) DIRECTS the clerk to add Warden William Hyatte as a defendant;

(2) GRANTS Robert Stafford leave to proceed against Chaplin Conklin in his individual capacity for monetary damages for depriving him of access to a feather necessary for his religious practice without justification, in violation of the First Amendment;

(3) GRANTS Robert Stafford leave to proceed against Warden William Hyatte in his official capacity for injunctive relief pertaining to his request to possess the feather sent to him by a friend and to have his medicine bags returned to him, unless prohibiting the possession of these items is justified, in accordance with the First Amendment and RLUIPA;

(4) DISMISSES Sharon Hawk and Lieutenant Bockover;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Chaplin Conklin and Warden William Hyatte at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Chaplin Conklin and Warden William Hyatte respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 5, 2019                                   *s/ Damon R. Leichty*
                                                     Judge, United States District Court