UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT STAFFORD,

Plaintiff,

v.                                          CAUSE NO. 3:19-CV-78-DRL-MGG

CHAPLAIN CONKLIN, et al.,

Defendants.

OPINION AND ORDER

Robert Stafford, a prisoner without a lawyer, is proceeding in this case against two defendants on two claims. He is proceeding against Chaplin Conklin for depriving him of access to a feather necessary for his religious practice without justification, in violation of the First Amendment. And he is proceeding against Warden William Hyatte for injunctive relief pertaining to his request to possess the feather sent to him by a friend and to have his medicine bags returned to him, unless prohibiting the possession of these items is justified, in accordance with the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA). The defendants filed a summary judgment motion arguing that Mr. Stafford failed to exhaust his administrative remedies related only to the claim for the return of his medicine bags. ECF 26; ECF 27.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). This circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Furthermore, failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole*, 438 F.3d at 809.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d

401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

For an inmate to exhaust available administrative remedies, the Indiana Department of Correction grievance process requires him to file an informal grievance, a formal grievance, and two levels of formal appeal. ECF 26-5 at ¶¶ 9-13; ECF 26-1. The defendants argue that Mr. Stafford did not file a grievance about his medicine bags being taken (or withheld) from him. Shawna Morson is a Grievance Specialist at the Miami Correctional Facility. ECF 26-5 at ¶ 2. She declares under penalty of perjury she has examined Mr. Stafford's grievance records. *Id.* at ¶ 5. She declares that he only submitted a timely formal grievance and timely grievance appeal for one incident, logged as grievance number 100051.[1] *Id.* at ¶¶ 11, 16; ECF 26-2. She further declares that Mr. Stafford did not file a timely formal grievance or formal appeal alleging that staff took or retained his medicine bags. *Id.* at 19. Mr. Stafford did not respond to the motion, despite being warned of the consequences of not responding. ECF 28.

The undisputed evidence is that Mr. Stafford did not exhaust his administrative remedies for the claim related to the return of his medicine bag. Therefore, summary judgment must be granted as to that claim. However, the case will proceed as to the claim related to the feather.

For these reasons, the court:

---

[1] Grievance number 100051 (ECF 26-3 at 3) relates to Mr. Stafford's claims regarding his right to possess the feather at issue here – claims about which the defendants concede Mr. Stafford exhausted his administrative remedies.

(1) GRANTS the partial motion for summary judgment (ECF 26);

(2) DISMISSES WITHOUT PREJUDICE the claims against William Hyatte for injunctive relief pertaining to Mr. Stafford's request to have his medicine bags returned to him; and

(3) REMINDS the parties that this case is now proceeding only on the following claims:

    (a) against Chaplin Conklin for depriving him of access to a feather necessary for his religious practice without justification, in violation of the First Amendment; and

    (b) against Warden William Hyatte for injunctive relief pertaining to his request to possess the feather sent to him by a friend, unless prohibiting the possession of these items is justified, in accordance with the First Amendment and RLUIPA.

SO ORDERED.

January 19, 2021                *s/ Damon R. Leichty*
                                     Judge, United States District Court