UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT STAFFORD,

    Plaintiff,

v.    CAUSE NO. 3:19-CV-00078 DRL

CHAPLAIN CONKLIN and WARDEN HYATTE,

    Defendants.

OPINION AND ORDER

Robert Stafford, a prisoner without a lawyer, is proceeding in this case on one claim "against [Chaplain] Conklin in his individual capacity for monetary damages for depriving him of access to a feather necessary for his religious practice without justification, in violation of the First Amendment," and on one claim "against Warden William Hyatte in his official capacity for injunctive relief pertaining to his request to possess the feather sent to him by a friend and to have his medicine bags returned to him, unless prohibiting the possession of these items is justified, in accordance with the First Amendment and RLUIPA[.]" ECF 6 at 4. On August 4, 2021, the defendants filed a joint summary judgment motion. ECF 45. With the motion, the defendants provided Mr. Stafford the notice required by N.D. Ind. L.R. 56-1(f). ECF 47. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed nearly two months ago, but Mr. Stafford has not filed a response. The court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

## FACTS[1]

Mr. Stafford, an inmate at the Miami Correctional Facility (MCF), practices the Native American religion. ECF 45-1 at 17. To practice his religion at MCF, Mr. Stafford is

---

[1] Because Mr. Stafford did not respond to the summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

2

able to get together with his friends, have religious discussions, sing songs, meet with a facility religious figure, go outside, beat a drum, and smudge during worship service. *Id.* at 18-19. Feathers are also made available to Mr. Stafford during worship services. *Id.* at 19; ECF 45-2 at 3. He is able to purchase feathers through an approved Indiana Department of Correction (IDOC) vendor. ECF 45-1 at 21. Specifically, IDOC's Religious Property Guidelines provide that an offender may possess one feather for religious use, though it specifies some feathers are restricted by state or federal law. ECF 45-5 at 4. Further, the Religious Property Guidelines provide that religious items must be shipped to the facility by a vendor, and that family and friends are not permitted to send religious items directly to offenders. *Id.* at 1.

In November 2017, a correctional officer confiscated a feather that had been sent to Mr. Stafford by his friend. ECF 45-1 at 12-13, 19. Mr. Stafford's friend was not an approved IDOC vendor, and Mr. Stafford did not have any paperwork for the feather. *Id.* at 19-20. After Mr. Stafford filed a grievance requesting the feather be returned, IDOC's Director of Religious Services informed Mr. Stafford the feather was a killdeer feather, which is a protected species under both state and federal law. ECF 18-3 at 8; ECF 45-2 at 2. Possessing a killdeer feather without a valid permit is illegal under various statutes, including the Migratory Bird Treaty Act. ECF 45-2 at 2. Mr. Stafford can possess a killdeer feather at MCF if he obtains a valid permit. *Id.* at 2-3.

ANALYSIS

Prisoners have a right to exercise their religion under the free exercise clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Correctional

3

officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The court considers (1) whether the restriction is rationally connected to a legitimate government objective; (2) whether there is an "alternative means of exercising" the restricted religious right; (3) what impact the restriction would have on other inmates as well as prison staff and facility resources; and (4) the existence of other options that would suggest the prison is exaggerating its concerns. *Id.* at 89-91. Valid penological objectives include "deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

    A.    *Chaplain Conklin.*

Mr. Stafford is proceeding against Chaplain Conklin on one claim "for depriving him of access to a feather necessary for his religious practice without justification, in violation of the First Amendment[.]" ECF 6 at 4. The defendants argue summary judgment is warranted in their favor because the killdeer feather was confiscated to prevent Mr. Stafford from committing another crime and to help rehabilitate him, which are legitimate penological objectives. ECF 46 at 6. Moreover, the defendants argue Mr. Stafford has other means of practicing his religious rights, as he had access to other feathers at the facility and was allowed to meet with his friends, have religious discussions, sing songs, meet with a facility religious figure, beat a drum, and smudge during worship service. *Id.* at 6-7.

Here, the first *Turner* factor favors Chaplain Conklin, as the prison's confiscation of Mr. Stafford's killdeer feather was reasonably related to its legitimate penological objectives

4

of deterring crime and preserving institutional security by regulating what items enter the prison facility. *See O'Lone*, 482 U.S. at 348. Specifically, Mr. Stafford does not dispute he obtained the feather in violation of IDOC's procedures and possessed the feather in violation of federal law. *See U.S. Fish and Wildlife Service*, Migratory Bird Treaty Act Protected Species, available at https://www.fws.gov/birds/management/managed-species/migratory-bird-treaty-act-protected-species.php (listing killdeer bird as a protected species). The second *Turner* factor also favors Chaplain Conklin because it is undisputed Mr. Stafford had access to other feathers at the prison facility and Mr. Stafford provides no evidence these feathers were not viable alternatives. Neither party has offered evidence regarding the third or fourth *Turner* factors, so nothing on this record shows that the restriction would impact other inmates or any exaggeration in penological goals. Accordingly, because the *Turner* factors strongly favor Chaplain Conklin, no reasonable jury could conclude he violated Mr. Stafford's First Amendment rights by confiscating the killdeer feather. Summary judgment is warranted in his favor.

      B.    *Warden Hyatte.*

Mr. Stafford is proceeding against Warden Hyatte "for injunctive relief pertaining to his request to possess the feather sent to him by a friend and to have his medicine bags returned to him, unless prohibiting the possession of these items is justified, in accordance with the First Amendment and RLUIPA[.]" ECF 6 at 4.

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or

5

confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). "In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008) (citing 42 U.S.C. § 2000cc–2(b)). A substantial burden is "one that necessarily bears a direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003).

Here, the prison was justified in prohibiting Mr. Stafford's possession of the killdeer feather because his possession violated federal law. Moreover, Mr. Stafford cannot meet his burden to show the confiscation of the killdeer feather substantially burdened the exercise of his religion, as it is undisputed he had access to other feathers at the facility. There is no evidence that requiring Mr. Stafford to use a different type of feather rendered his religious exercise "effectively impracticable." In fact, Mr. Stafford was not even aware that the confiscated feather belonged to a killdeer bird and believed it was just a "regular feather." *See* ECF 45-1 at 21. Last, Mr. Stafford provides no evidence regarding the confiscation of his medicine bags. Thus, Mr. Stafford has not shown he is entitled to injunctive relief under either the First Amendment or the RLUIPA. Summary judgment is warranted in favor of Warden Hyatte on this claim.

For these reasons, the court:

      (1) GRANTS the summary judgment motion (ECF 45); and

      (2) DIRECTS the clerk to enter judgment in favor of the defendants and against Robert Stafford.

      SO ORDERED.

November 3, 2021                     *s/ Damon R. Leichty*
                                                      Judge, United States District Court